UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-24-140-G |
| | ) |
| STATE OF OKLAHOMA *ex rel.* | ) |
| COMMISSIONERS OF THE | ) |
| LAND OFFICE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Christopher Foster's Motion (Doc. No. 56), seeking to quash or modify four subpoenas duces tecum sought to be served upon nonparty entities (the "Subpoenas") by Defendant State of Oklahoma *ex rel.* Commissioners of the Land Office, as well as a protective order. Defendant has filed a Response (Doc. No. 60).

I.   *Relevant Standards*

The Federal Rules of Civil Procedure require that a party notify the other parties in a case before serving a subpoena for documents on a nonparty. *See* Fed. R. Civ. P. 45(a)(4). This Court's Local Civil Rules specify that, within seven days of such notice, "any party may file a motion to preclude service of the subpoena, in whole or in part, on any ground for which a protective order may be sought." LCvR 45.1 (W.D. Okla.); *see also* Fed. R. Civ. P. 45(d)(3).

The grounds on which a challenging party may object are limited, however. Generally, "only the person to whom [a] subpoena is directed has standing to object to its issuance." *Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204,

at *2 (W.D. Okla. Feb. 16, 2011).  An exception applies where the challenging party "asserts a personal right or privilege with respect to the materials subpoenaed." *Id.*; *see also Ramirez v. Kay Cnty. Just. Facilities Auth.*, No. CIV-21-971-JD, 2025 WL 3451857, *6 (W.D. Okla. Dec. 1, 2025) (internal quotation marks omitted).

To establish standing on that basis, the challenging party "must specifically identify the personal right or privilege on which he relies." *Pub. Serv. Co. of Okla.*, 2011 WL 691204, at *3.  "[A] conclusory assertion that the subject documents are private, confidential, and proprietary is insufficient." *Id.* (internal quotation marks omitted). "Courts have found that parties have a personal right or privilege with regard to their employment files, banking documents, and health records." *Ramirez*, 2025 WL 3451857, at *6 (citing *Pub. Serv. Co. of Okla.*, 2011 WL 691204, at *3).

## II.   Discussion

On July 28, 2025, Defendant filed a Notice (Doc. No. 54) of its intent to serve the Subpoenas upon: HPS Properties, LLC; Foster Company, LLC; Padberg Farms, LLC; and Padberg Royalty LLC.  *See id.* at 1; *id.* Ex. 1 (Doc. No. 54-1); Fed. R. Civ. P. 45(a)(4); LCvR 45.1(a).  All four entities are located in Okarche, Oklahoma.  *See* Def.'s Notice at 1.

In Plaintiff's Motion, filed August 4, 2025, Plaintiff states that his wife and he own two of the entities and that Plaintiff manages the others as an independent contractor.  *See* Pl.'s Mot. at 1.  Plaintiff asserts that the Subpoenas "seek essentially every bit of financial information from each entity." *Id.*  Plaintiff argues that the Subpoenas should be quashed or modified because only certain of the information and documents sought are relevant to

the claims in this litigation. Plaintiff also argues that the Subpoenas' definition provisions cause them to be overbroad and unduly burdensome. *See id.* at 2-4.

Defendant objects that Plaintiff does not have standing to seek to quash or modify the Subpoenas due to any overbreadth, undue burden, or lack of relevance. *See* Def.'s Resp. at 5-7.[1] More specifically, Defendant argues that Plaintiff has failed to show that he has standing based upon any "personal right or privilege" in the information sought by the Subpoenas. *See id.*

Plaintiff has not addressed his standing to challenge the Subpoenas, either in his Motion or by disputing Defendant's Response. The information provided is insufficient to establish that production of the subpoenaed documents would result in the disclosure of information Plaintiff holds to be private or privileged. There being no showing or argument presented that Plaintiff claims a "personal right or privilege" in the sought-after information, Plaintiff lacks standing to seek to quash or modify the Subpoenas. *Pub. Serv. Co. of Okla.*, 2011 WL 691204, at *3.

And, while relevance, overbreadth, and undue burden may be valid concerns for the nonparty entities to whom the Subpoenas are directed, these are not objections that may be raised by Plaintiff. *See Monroe v. FinWise Bank*, No. 21-cv-00042, 2021 WL 3729305, at *1 (D. Utah July 1, 2021) ("[W]here a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden as well as overly broad and relevance grounds." (internal quotation marks omitted)).

---

[1] There is no indication in the record that any subpoenaed nonparty has served an objection upon Defendant pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure.

CONCLUSION

Accordingly, Plaintiff's Motion (Doc. No. 56) is DENIED.

IT IS SO ORDERED this 23rd day of January, 2026.

CHARLES B. GOODWIN
United States District Judge